Filed 3/20/23  Stan's Big Savings v. Bodge CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| STAN'S BIG SAVINGS, INC., | D079847 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2019-00058053-CU-BC-CTL) |
| GERALD BODGE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Reversed and remanded with directions.

Gerald Bodge, in pro. per., for Defendant and Appellant.

Oden & Greene Attorneys At Law and Douglas A. Oden for Plaintiff and Respondent.

Gerald Bodge appeals a judgment against him in a civil action brought by his tenant, Stan's Big Savings, Inc. (SBS).  The trial court concluded that SBS was entitled to possession of certain portions of the leased property, which Bodge and another subtenant occupied, under the parties' sublease and awarded SBS $98,700 for unpaid rent.  Bodge, who is self-represented,

challenges the trial court's finding and asserts that the sublease makes clear that SBS was not given possession of the portions of the property at issue. We agree with Bodge that the trial court misinterpreted the lease. Accordingly, we reverse the trial court's order. On remand, the trial court is directed to enter judgment in favor of Bodge.

FACTUAL AND PROCEDURAL BACKGROUND

Bodge is the lessee of a master lease between himself and the third party owners of a commercial property. The sublease at issue in this litigation defines the master lease property as "the real property located at 4501-4511 El Cajon Boulevard, San Diego, CA 92115 ('Master Premises')." On November 1, 2017, Bodge entered into the sublease with SBS. Section 1 of the contract states: "Sub-landlord [Bodge] sublease [sic] to Subtenant on the terms and conditions in this Sublease the following, portion of the Master Premises ('Premises') 4501 El Cajon Blvd San Diego, CA 92115. Sub-landlord grants Subtenant the non-exclusive right to use, without disturbance, the common areas of the Master Premises."

The sublease expires in 2028 and sets the monthly rent from SBS to Bodge, which increases over time, from $6,300 to $6,700. The sublease also gives SBS an option to extend the lease. In addition, the sublease requires Bodge to "pay $300 per month to [SBS] for electrical bill used by the Transmission Shop, and Gerry Bodge's sub-landlord office space on the property." A security agreement attached to the sublease between SBS's president, Stanley Singleton, and Bodge grants Bodge "[a]ll right, title and interest of [Singleton] in and to the tangible and intangible assets relating to that certain business know[n] and operated as American Tire & Brake located at 4501 El Cajon Blvd, San Diego Ca 92115," which is "pledged as

2

collateral to secure the payment of rent at 4501 El Cajon Blvd San Diego according to the terms and conditions of" the Sublease.

On October 31, 2019, SBS brought a complaint for declaratory relief and damages asserting various tort and contract claims against Bodge.[1] It asserts that in 2006 Bodge entered into the master lease with the property owners for "the commercial properties located at 4501-4511 El Cajon Blvd., San Diego, CA 92115...." The complaint asserts that the sublease transfers the entire property leased to Bodge under the master lease to SBS, and that the parties did not agree that Bodge could possess any portions of the property. It states that Bodge occupied without permission "an office space, certain storage space, and two garage spaces that [Bodge] subleased to a transmission shop, all of which are parts of the Property leased to [SBS] under the sublease." It further asserts that SBS is paying the full market value of the entire property, but only able to enjoy certain portions because Bodge was unlawfully taking, without paying rent, a large portion of the premises. The complaint seeks declaratory relief defining the property leased to SBS as including the office space, storage space, and transmission shop, and asserts claims for breach of contract, private nuisance, fraud, negligent misrepresentation, and unfair business practices.

After a bench trial, the court entered an order in favor of SBS finding that it was "entitled to possession of the entire premises [4501] El Cajon Blvd., including office space, inner office, transmission shop, garage and parking lot (currently used by Plaintiff)." The order awarded SBS "rent received from the transmission shop from 11/1/2017 to present and rent of the

---

[1]    A portion of the complaint is contained in a motion to augment filed by Bodge. On our own motion, we augmented the record with the full complaint. (Cal. Rules of Court, rule 8.155(c).)

inner office for the same time frame" in the amount of $98,700, and attorney fees and costs. Thereafter, the court entered judgment in favor of SBS and Bodge timely appealed.

DISCUSSION

Bodge asserts that insufficient evidence supports the trial court's finding that he subleased his office space, storage space, and the transmission shop to SBS. He contends the sublease shows that SBS leased only a portion of the property Bodge controlled under the master lease, which did not include the areas he occupied and that were occupied by the transmission shop.[2] In its brief, SBS asserts that the trial court's ruling was

---

[2] In support of his challenge, Bodge has submitted a motion to augment the record, which attaches a portion of the complaint, some of the trial exhibits, and some other documents. Because the parties proceeded in the trial court without a court reporter and there is no transcript of the proceedings, Bodge obtained a settled statement in accordance with California Rules of Court, rule 8.137. The settled statement indicates that just one of the trial exhibits, the sublease between SBS and Bodge, was admitted into evidence. The settled statement shows some of the other documents contained in the motion, including a diagram of the property and city property records, were offered into evidence by Bodge but not admitted. With respect to the sublease and the other documents offered but not admitted into evidence, we construe the motion to augment as a notice of lodgment of the trial exhibits. (See Cal. Rules of Court, rule 8.224(d) ["At any time the reviewing court may direct the superior court or a party to send it an exhibit."].) However, we consider only the sublease since Bodge makes no argument that the trial court improperly excluded the other exhibits offered into evidence. (See *Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597 [" 'to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record' "].)

4

supported by sufficient evidence, specifically the sublease and the testimony of Singleton, who told the court "it was his understanding that the Sublease included the defendant's office storage area and transmission shop." SBS states that the "dispositive piece of evidence" at trial "was the sublease between the parties." We agree with SBS that the sublease is determinative, but interpret the contract differently than the trial court. As we shall explain, we agree with Bodge that the sublease does not give SBS possession of the portions of the property occupied by Bodge and the operators of the transmission shop.

We apply established appellate standards of review for this judgment following a bench trial. We begin with the settled principle that the interpretation of a contract generally presents a question of law for this court to determine anew unless the interpretation turns on the credibility of conflicting extrinsic evidence. (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 527; *ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1266 (*ASP Properties*).) " 'The precise meaning of any contract, including a lease, depends upon the parties' expressed intent, using an objective standard. [Citations.] When there is ambiguity in the contract language, extrinsic evidence may be considered to ascertain a meaning to which the instrument's language is reasonably susceptible. [Citation.] ... [¶] We review the agreement and the extrinsic evidence de novo, even if the evidence is susceptible to multiple interpretations, unless the interpretation depends

---

Other documents, including the sublease between Bodge and the transmission shop and receipts for payment of rent by SBS, were not introduced in the trial court proceedings. These documents are not properly part of the appellate record and Bodge's motion to augment the record with these documents is denied. (See *In re K.M.* (2015) 242 Cal.App.4th 450, 455–456 [" 'Augmentation does not function to supplement the record with materials not before the trial court.' "].)

upon credibility. [Citation.] If it does, we must accept any reasonable interpretation adopted by the trial court.' " (*ASP Properties, supra*, 133 Cal.App.4th at pp. 1266–1267.)

Where the evidence is undisputed and the parties draw conflicting inferences, the reviewing court will independently draw inferences and interpret the contract. (*ASP Properties, supra*, 133 Cal.App.4th at p. 1267.) The court endeavors to effectuate the mutual intentions of the parties as it existed at the time of contracting insofar as it is ascertainable and lawful. (Civ. Code, § 1636; *City of El Cajon v. El Cajon Police Officers' Assn.* (1996) 49 Cal.App.4th 64, 71.) If possible, such intent is to be inferred solely from the written provisions of the contract, which are to be construed in their "ordinary and popular sense" absent evidence that the parties intended some technical or specialized meaning. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 608–609, citing Civ. Code, §§ 1638, 1639, 1644.)

As stated, Bodge argues the trial court incorrectly determined that the sublease included the portions of the property occupied by Bodge and the transmission shop. Pointing primarily to section 1 of the sublease, Bodge contends the language therein shows the court's conclusion was error. We agree with Bodge that, contrary to the trial court's findings, the sublease's language is clear that it was intended to cover only a portion of the master premises, and did not include the portion occupied by Bodge and his other subtenant. The terms establish that the parties intended for Bodge to continue to occupy the office and storage space, and for the transmission shop to remain in place.

Specifically, as noted, the sublease defines the master premises as 4501 El Cajon Boulevard and 4511 El Cajon Boulevard. Section 1, in contrast, states that the sublease is for a "*portion* of the Master Premises … 4501 El

6

Cajon Blvd" and grants SBS "the *non-exclusive* right to use ... the common areas of the Master Premises." (Italics added.) Taken together, the only inference that can be drawn from these two sentences is that the parties agreed to a sublease of only a portion of the property leased to Bodge by its owner, i.e. the portion not occupied by Bodge and the transmission shop.

Section 6 further supports the interpretation advanced by Bodge. This provision requires Bodge to pay $300 per month for the electricity used by the transmission shop and Bodge's "sub-landlord office space on the property." If the parties had intended to lease the entire premises to SBS, there would be no reason for this provision. (See *Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, 954; Civ. Code, § 3541["An interpretation which gives effect is preferred to one which makes void."].) Rather, it shows that Bodge would remain in possession of the areas of the property that are disputed and that he would pay SBS a monthly sum certain for the utility cost associated with that possession. In addition, the security agreement attached to the sublease pledges the assets of Singleton's business, which the security agreement states is "know[n] and operated as American Tire & Brake," to secure the payment of rent by SBS. This document also supports Bodge's interpretation of the lease as covering only the portion of the property used for that business.

SBS asserts that "[a] reading of the summary of Mr. Singleton's testimony and evidence clearly provides the appellate court a basis for affirming the trial court's judgment under the substantial evidence rule." The substantial evidence rule, however, does not apply to the question of contract interpretation at issue here. Because the sublease makes clear the parties did not intend to lease the entire premises, Singleton's contrary testimony that "it was his understanding that the Sublease included the

7

defendant's office storage area and transmission shop" does not overcome the language of the contract. (See *ASP Properties, supra*, 133 Cal.App.4th at p. 1267 [" In this case extrinsic evidence on the parties' intended meaning of language in the [contract] was ultimately *admissible* only if it was relevant to show a meaning to which that language is reasonably susceptible."].)

In sum, the ordinary meaning of the language of the sublease and the attached security agreement, and the logical inferences drawn from the contract, show that the parties' intent was to enter into a sublease for the portion of the property that had been used by the prior subtenant as an auto repair shop. No other inference can be drawn logically from these documents. Accordingly, the trial court's conclusion that the sublease covered the office and storage space used by Bodge and the separately leased transmission shop was error.

## DISPOSITION

The judgment of the trial court is reversed. On remand, the trial court is directed to enter judgment in favor of Bodge. The costs of appeal are awarded to Bodge.

McCONNELL, P. J.

WE CONCUR:

IRION, J.

BUCHANAN, J.

8